Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Benjamin C. Deming (State Bar No. 233687)
bdeming@rutan.com
Seth M. Jessee (State Bar No. 310983)
sjessee@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff and Counterdefendant
ALTAIR INSTRUMENTS. INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALTAIR INSTRUMENTS, INC., a California corporation,

Plaintiff,

vs.

TELEBRANDS CORP., and DOES 1 through 10,

Defendants.

Case No. 2:19-cv-08967-PSG-JC

***DISCOVERY MATTER***

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER REQUIRING TELEBRANDS CORP. AND ITS WITNESSES TO APPEAR FOR DEPOSITIONS**

**(Memorandum of Points and Authorities Attached hereto; Declaration of Ronald P. Oines and [Proposed] Order Filed Herewith)**

**EX PARTE APPLICATION**

Plaintiff ALTAIR INSTRUMENTS, INC. ("Altair") submits this Ex Parte Application for an Order requiring Telebrands Corp. ("Telebrands") and its witnesses to appear for a deposition in this case (the "Application") on June 30, July 1 and July 2, 2020, respectively. Initial expert reports are due on July 10, 2020. Discovery cutoff is August 10, 2020, and trial commences on November 10, 2020. Ex parte relief is necessary because late last week, Telebrands notified Altair that its witnesses will not appear at the properly noticed depositions. Rather than travel to New Jersey to make a record of Telebrands' non-appearance and then seek sanctions, Altair believes it is prudent and more efficient to seek an Order requiring Telebrands to appear.

Emergency relief is requested and necessary because Altair noticed the depositions to take place before initial expert reports are due, but Telebrands late last week informed Altair that it and its witnesses simply would not appear at the depositions. Telebrands has never stated that the witnesses are unavailable. Rather, Telebrands simply is refusing to appear.

**NOTICE TO OPPOSING COUNSEL**

Telebrands is represented by Robert Maldonado (rmaldonado@cooperdunham.com), Laura Alos (lalos@cooperdunham.com) and Tonia Sayour (tsayour@cooperdunham.com) of Cooper & Dunham, 30 Rockefeller Plaza, 20th Floor, New York, NY 10112, Telephone: (212) 278-0509), and Peter J. Farnese (pjf@bfllplaw.com) of Beshada Farnese LLP, 11601 Wilshire Boulevard, Suite 500, Los Angeles, CA 90025, Telephone: (815) 935-5322. Altair gave notice of its intent to file this Application at approximately 11:50 a.m. on June 22, 2020, and served this Application on Telebrands' counsel. Altair informed Telebrands' counsel that its Opposition, if any, to the Application would be due no later than 24 hours from the electronic filing of this Application. Altair understands Telebrands will oppose this Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff simply wishes to take depositions of Telebrands and its witnesses in New Jersey before initial expert reports are due on July 10, 2020. Telebrands is simply refusing to attend the properly noticed depositions.

On June 3, 2020, Altair's counsel sent an email to Telebrands' counsel indicating that Altair would be serving a Notice of Depositions and raised the possibility of conducting the depositions remotely. (Oines Dec. Ex. A.) On June 4, Altair served a Notice of Depositions, which depositions were noticed to occur on June 30, July 1 and 2, 2020. (Oines Dec. Ex. B.) The deponents are Telebrands (30(b)(6)), and five individual witnesses identified in Telebrands' Initial Disclosures in this case. (*Id*.) Also on June 4, Altair sent a letter to Telebrands' counsel asking if Telebrands would stipulate to proceed with the depositions remotely under FRCP Rule 30(b)(4). Altair also indicated that it would be willing to move the dates if they did not work for the witnesses, although the depositions need to be taken before the July 4 weekend. (Oines Dec. Ex. C.)

On June 11, Telebrands indicated that it prefers that the depositions be conducted in person. Telebrands did not say that the witnesses were unavailable on the noticed dates and times. (Oines Dec. Ex. D.) However, Telebrands suggested that the parties should ask the Court to continue the trial date and all deadlines. (*Id*.) Later, on June 11, Altair informed Telebrands that it did not wish to ask the Court to continue the trial or other dates. Altair again asked Telebrands if it wished to stipulate for the depositions to be conducted remotely and, if not, Altair indicated it would proceed in person on the dates noticed. (Oines Dec. Ex. E.)

Having received no response to his June 11 email, on June 18, counsel for Altair sent an email to counsel for Telebrands in which counsel asked Telebrands to let Altair know by the end of the day whether Telebrands wanted Altair to conduct the depositions remotely. (Oines Dec. Ex. F.) On June 18, Telebrands' counsel responded: "The witnesses will not be appearing on the dates noticed. We are

happy to discuss alternate dates, but will not be in a position to do so until next week." (Oines Dec. Ex. G.) On June 18, Altair's counsel asked if Telebrands planned to seek a protective order and, if not, under what authority Telebrands was refusing to appear at properly noticed depositions. (Oines Dec. Ex. H.) Telebrands has not responded to that email. (Oines Dec. ¶ 10.) At no time, has Telebrands indicated that the witnesses are not available on the noticed dates. Rather, Telebrands is simply refusing to appear.

Although Altair believes it could appear at the depositions on June 30, July 1 and 2, make a record of the non-appearances, and then seek sanctions, this would involve round trip travel to New Jersey from Los Angeles and a three night stay in New Jersey and other significant costs. Altair believes it is more prudent and efficient for the parties and the Court to address Telebrands' refusal to appear now, before the depositions are schedule to take place.

In light of the foregoing, Altair simply requests an order requiring Telebrands and its witnesses to appear at the properly noticed depositions.

Altair has been informed by the reporting service in New Jersey that, although it is able to conduct the depositions with the witnesses and counsel present, given social distancing needs, they would be able to accommodate only four persons in their conference room. (Oines Dec. ¶ 11.) Therefore, Altair also requests that the Court order that Altair may, if it chooses to do so, take the depositions remotely pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. Alternatively, if the Court does not order that the depositions may be taken remotely, Altair requests an Order that Telebrands may have only one witness and one counsel in the conference room during the depositions to accommodate the requirements of the court reporting service.

Dated: June 22, 2020

RUTAN & TUCKER, LLP
RONALD P. OINES
BENJAMIN C. DEMING
SETH M. JESSEE

By: */s/ Ronald P. Oines*
Ronald P. Oines
Attorneys for Plaintiff and Counterdefendant ALTAIR INSTRUMENTS, INC.