BESHADA FARNESE LLP
Peter J. Farnese (State Bar No. 251204)
pjf@beshadafarneselaw.com
11601 Wilshire Blvd, Ste 500
Los Angeles, CA 90025
Telephone:     815-935-5322
Facsimile:      310-388-1232

COOPER & DUNHAM LLP
Robert T. Maldonado (admitted *pro hac vice*)
Laura A. Alos (admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
lalos@cooperdunham.com
30 Rockefeller Plaza
New York, NY 10112
Telephone:     212.278.0509
Facsimile:      212.391.0525

*Attorneys for Defendant Telebrands Corp.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> TELEBRANDS CORP., a New Jersey corporation, and DOES 1 through 10, <br><br> Defendants. | Case No. 2: 19-cv-08967-PSG-JC <br><br> **DISCOVERY MATTER** <br><br> **DEFENDANT TELEBRANDS CORP.'S OPPOSITION TO PLAINTIFF ALTAIR INSTRUMENTS, INC.'S EX PARTE MOTION TO COMPEL DEPOSITION TESTIMONY** |

Defendant Telebrands Corp. ("Telebrands") submits the following Opposition to Plaintiff Altair Instruments, Inc.'s ("Altair") *Ex Parte* motion to compel the deposition testimony of Telebrands, Bala Iyer, Ajit Khubani, Damian Mucaro, Marc Jacobs, and Arline Wall.

## I. INTRODUCTION

Altair feigns an emergency regarding the scheduling of depositions in this case and, again, needlessly burdens this Court with motion practice. Contrary to Altair's statements in support of its *ex parte* application for deposition testimony, Telebrands has not refused to produce witnesses for deposition and Altair does not need lay witness deposition testimony for its expert report. Indeed, on June 15, 2020, Altair filed a motion for summary judgment regarding infringement which included an expert report in support thereof.

In addition, Telebrands twice advised Altair that the schedule it proposed for depositions was not feasible and requested time to determine the witnesses' availability. Altair refused and filed this motion. An *ex parte* application, however, is an inappropriate vehicle to compel the scheduling of depositions. Altair is fully aware of this fact given that, on September 3, 2019, in *Altair Instruments, Inc. v. Walmart Inc.*, 18-cv-09461-R-FFM, Judge Fredrick R. Mumm denied a similar *ex parte* motion from Altair which also sought to compel depositions. Judge Mumm noted that Altair failed to demonstrate good cause for *ex parte* relief. Here, Altair again fails to demonstrate good cause for *ex parte* relief and additionally fails to prove that it would be irreparably harmed if the Court denied its application. Accordingly, Altair's motion should be denied.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On June 4, Altair served a Notice of Depositions for the deposition testimony of Telebrands, Bala Iyer, Ajit Khubani, Damian Mucaro, Marc Jacobs, and Arline Wall. (Alos Dec., Ex. A.)

On June 11, counsel for Telebrands responded to Altair's deposition notices with the following:

- The Stay At Home order is still in effect in New York, where our firm's offices are located. (Alos Dec., Ex. B.)
- On Tuesday [June 9], the Stay At Home was lifted in New Jersey, where Telebrands in headquartered. Telebrands' offices, however, remain closed. (*Id.*)
- Given [Telebrands'] current situation and further in view of the Covid pandemic and social distancing measures, ***we do not believe that it is practical or advisable to conduct depositions on the schedule that you propose***. (*Id.*) (emphasis added).
- Telebrands proposes that the parties jointly stipulate to adjourn the trial date for three months (to February 2021), and to extend all dates in the current scheduling order by three months as well. This will allow the parties sufficient time to complete fact and expert discovery, and to take depositions. It will also permit summary judgment motions to be filed, briefed, and heard after discovery and well before trial. (*Id.*)

On June 11, counsel for Altair rejected Telebrands' proposal and stated that it would unilaterally proceed with the noticed depositions. (Alos Dec., Ex. C.)

On June 15, Altair filed a Motion For Summary Judgment Of Infringement which included a declaration in support from Altair's expert, Wendy E. Roberts, M.D., F.A.A.D. (Dkt. Nos. 161 – 161-7.)

On June 18, Telebrands advised Altair that the "witnesses will not be appearing on the dates noticed. We are happy to discuss alternate dates, but will not be in a position to do so until next week." (Alos Dec., Ex. D.)

On June 22, counsel for Telebrands advised Altair that Telebrands was "willing to work with Altair regarding the scheduling of depositions," but was "waiting for our client's availability." (Alos Dec., Ex. E.) Counsel additionally advised Altair against the misuse of an *ex parte* application for a routine discovery matter. (*Id.*) Counsel for Telebrands reminded opposing counsel that Altair's prior attempt to utilize the *ex parte*

application for a routine discovery matter failed and, as such, offered to meet and confer regarding a motion to compel. (Alos Dec., Exs. E, F.) In response, Altair filed the instant *ex parte* application.

### III. LEGAL STANDARD

*Ex parte* applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989). Filing an *ex parte* application "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *Intermagnetics*, 101 B.R. at 193).

To obtain *ex parte* relief, the moving party must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the moving party "is without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); see L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an *ex parte* basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."). Notably absent from Altair's application is any law justifying its use of an *ex parte* application for deposition scheduling or any law granting the relief sought by Altair.

# IV. ARGUMENT

### A. Altair's *Ex Parte* Motion To Compel Should Be Denied Because Altair Has Not Satisfied The Standards For *Ex Parte* Relief

*Ex Parte* relief may only be granted where the movant establishes that (1) the movant will suffer irreparable prejudice absent the requested relief, and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As demonstrated below, Altair has not satisfied either prong of the two-part test set forth in *Mission Power*. Altair additionally fails to justify that its *ex parte* motion is warranted for this routine discovery matter.

#### 1. Altair Will Be Not Be Irreparably Prejudiced If The Court Does Not Compel The Deposition Testimony Of Telebrands And Its Employees.

Altair contends that emergency relief is justified because Altair desires to take depositions before initial expert reports are due. (Dkt. No. 162, pp. 1-2.) Altair, however, fails to explain why it needs the testimony of lay witnesses to support its expert reports. In addition, Altair's application omits the fact that Telebrands is not opposing participation in deposition discovery. Telebrands is simply trying to find time to schedule the depositions, which has been made difficult given the pandemic that has particularly affected New Jersey and New York, where Telebrands and its lead counsel are located, respectively.

##### a. Telebrands Agreed To Participate In Deposition Discovery

Telebrands first advised Altair that its proposed deposition schedule was not feasible on June 11, 2020, one week after receipt of Altair's deposition notices. (Alos Dec., Exs. A, B.) Telebrands additionally proposed extending the schedule in this matter to allow the parties sufficient time to complete fact and expert discovery, to take depositions, and permit summary judgment motions to be filed, briefed, and heard after discovery and well before trial. (Alos Dec., Ex. B.) One of the reasons Telebrands

proposed the schedule extension was because of the discrepancies in the scheduling and standing Orders governing this case. This case was initially assigned to Judge S. James Otero who so-ordered the parties' Joint Rule 26(f) Report, which set September 10, 2020 at 10:00 AM as the motion cutoff date. (Dkt. No. 120.) Thereafter, on April 2, 2020, this case was reassigned to Judge Philip S. Gutierrez. (Dkt. No. 140.) Judge Gutierrez subsequently issued his Order for Jury Trial (Dkt. No. 142) which stated that, "Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than the motion cut-off date." Judge Gutierrez's Standing Order (Dkt. No. 141) also provides timing guidelines for Summary Judgment Motions. Specifically, that a "motion under Rule 56 must be filed at least forty-nine (49) days prior to the date on which the motion is noticed for hearing . . . ." The deadlines set by both Judge Otero and Judge Gutierrez force the parties to either file their Rule 56 motions before the completion of discovery or, as put by Altair's counsel, "wait until September 10 to file any Rule 56 motions.  If you do so, you will have to set the hearing no earlier than 8 days before trial given the Court's requirement of 49 days' notice.  Of course, we would object that the motion is late." (Alos Dec., Ex. G.) Telebrands sought to remedy the discrepancy between the two Judge's Orders, but Altair refused Telebrands' proposal.

Accordingly, Telebrands is not "simply refusing to attend the properly noticed depositions," as claimed by Altair, but has been willing to work with Altair in negotiating a schedule that would allow the parties a reasonable amount of time to conduct discovery.

### b. Telebrands' Lay Testimony Is Not Necessary For Expert Reports

Altair argues that "[e]mergency relief is requested and necessary because Altair noticed the depositions to take place before initial expert reports are due, but Telebrands late last week informed Altair that it and its witnesses simply would not appear at the depositions." (Dkt. No. 162, p. 1.) Altair additionally states that "Plaintiff simply wishes to take depositions of Telebrands and its witnesses in New Jersey before initial expert reports are due on July 10, 2020." (Dkt. No. 162, p. 2.)

Altair fails to elaborate why the lay deposition testimony of Telebrands, Bala Iyer, Ajit Khubani, Damian Mucaro, Marc Jacobs, and Arline Wall is required or necessary for Altair's expert reports. Indeed, it would be impermissible for Altair to elicit such testimony from Telebrands or the lay individuals. *See 3M Co. v. Kanbar,* 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (seeking legal conclusions should not form the basis for 30(b)(6) deposition topics); *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-cv-1431, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) (the mandate of Rule 701 is clear. …Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events."); *McCormick–Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 288 (N.D.Cal.1991) (issuing protective order prohibiting either party from "pursu[ing] the bases for the other's contentions through 30(b)(6) depositions…").

Altair's argument is further undermined by the fact that Altair's filed a motion for summary judgment regarding Telebrands' alleged infringement on June 16, 2020. (Dkt. No. 161.) Submitted in support of Altair's motion was a declaration from Altair's expert, Wendy E. Roberts, M.D., F.A.A.D. (Dkt. No. 161-5.) Altair's prior submission of an expert report, in conjunction with Altair's failure to elaborate why the lay deposition testimony of Telebrands and its employees is required before initial expert reports are due on July 10, 2020, demonstrates that Altair's *ex parte* motion is nothing more than a feigned emergency filing. Altair additional fails to demonstrate why rescheduling the depositions would irreparably prejudice Altair's ability to prepare expert reports.

### c. The Case Schedule Is Irrelevant To The Determination Of Altair's *Ex Parte* Motion To Compel

Altair states that it wishes to depose Telebrands and its witnesses in New Jersey before initial expert reports are due on July 10, 2020. (Dkt. No. 162, p. 2.) Case deadlines, however, do not create an emergency situation such that an *ex parte*

application is appropriate to obtain the relief sought. *See White v. Baca*, No. 13-cv-340, 2014 WL 12696910, at *1 (C.D. Cal. Jan. 30, 2014) (denying *ex parte* application and noting that "the party seeking *ex parte* relief has an obligation to explain the necessity for bypassing regular motion procedures" and that "[m]erely showing that deadlines are fast approaching is not enough."); *H.B. v. City of Torrance*, No. 17-cv-02373, 2018 WL 6131155, at *2 (C.D. Cal. July 11, 2018) (denying ex parte application to compel defendant to produce witness for deposition because this is not a "true emergenc[y]" since "the Court may extend the relevant deadlines to permit appropriate discovery."). As such, the July 10th deadline for opening expert reports is irrelevant to the determination of Altair's application for relief.

### 2. Altair Created This Alleged Emergency

Altair also fails to satisfy the second prong of *Mission Power* - i.e., Altair has not shown that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F.Supp. at 492. "The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id*. at 493.

As previously noted, Telebrands twice advised Altair that its proposed deposition schedule was not feasible. (Alos Dec., Ex. B, D.) Telebrands additionally proposed an amended scheduling order so that the parties could file Rule 56 motions after the completion of fact and expert discovery. (Alos Dec., Ex. B, F.) Lastly, Telebrands offered to meet and confer with Altair regarding the issue of Telebrands' depositions. (Alos Dec., Ex. B.) Altair rejected each proposal and pushed forward in this case. In short, Altair created the "emergency" it now seeks the Court to relieve it from.

### V. CONCLUSION

For the foregoing reasons, Telebrands respectfully requests the Court deny Altair's *ex parte* motion to compel Telebrands' and its employees' depositions and for other such relief the Court deems necessary and proper.

DATED: June 23, 2020

Respectfully submitted,

COOPER & DUNHAM LLP

By: */s/ Robert T. Maldonado*
Robert T. Maldonado
(admitted pro hac vice)
Rmaldonado@cooperdunham.com

*Attorneys for Defendant Telebrands Corp.*

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2020, a true and correct copy of the foregoing was filed with the Court and served electronically. The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on June 23, 2020 at New York, New York.

　　　　　　　　　　　　　　　　　　*/s/ Laura A. Alos*
　　　　　　　　　　　　　　　　　　Laura A. Alos