1  Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
2  Benjamin C. Deming (State Bar No. 233687)
   bdeming@rutan.com
3  Seth M. Jessee (State Bar No. 310983)
   sjessee@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
5  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
6  Facsimile:  714-546-9035

7  Attorneys for Plaintiff and Counterdefendant
   ALTAIR INSTRUMENTS. INC.
8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TELEBRANDS CORP., and DOES 1 through 10,<br><br>Defendants. | Case No. 2:19-cv-08967-PSG-JC<br><br>***DISCOVERY MATTER***<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER REQUIRING WALMART TO PRODUCE DOCUMENTS BEFORE DEPOSITION AND EXPERT REPORT**<br><br>**(Memorandum of Points and Authorities Attached hereto; Declaration of Ronald P. Oines and [Proposed] Order Filed Herewith)** |

## EX PARTE APPLICATION

Plaintiff ALTAIR INSTRUMENTS, INC. ("Altair") submits this Ex Parte Application for an Order requiring Walmart, Inc. to produce documents no later than noon on July 13, 2020, before a 30(b)(6) deposition scheduled for July 14, 2020 and opening expert reports on July 20, 2020.

The documents were due on June 1, 2020.  Walmart did not produce the documents when they were due, but Walmart has promised twice that they would be produced on dates certain sufficiently in advance of the deposition and expert reports, only to renege on those promises.  Now Walmart simply says it "cannot make any promises" as to when it will produce the documents.  Unfortunately, Walmart's promises to produce the documents mean nothing.  It is clear Walmart will simply not produce them unless ordered to do so.

Walmart is the largest reseller of the accused products in this case.  Defendant is indemnifying Walmart and providing counsel to Walmart.  The documents Walmart is refusing to produce relate to, among other things, Altair's damages in this case and, in particular, issues relating to a reasonable royalty based on a hypothetical negotiation.  Altair will be prejudiced if it does not get those documents before the deposition and expert reports.  Additionally, Defendant's main noninfringement argument in this case is that the accused device does not perform "microdermabrasion."  Yet, publicly available documents from Walmart's website state that the accused device includes a "microdermabrasion" probe.  Altair is entitled to obtain documents from Walmart regarding its statement that the device performs microdermabrasion, whether Telebrands is responsible for that statement, communications between Walmart and Telebrands, etc.  Altair will be prejudiced if it does not get Walmart's documents before Telebrands' deposition and opening expert reports on infringement.

Altair served the subpoena sufficiently before Defendant's 30(b)(6) deposition and opening expert reports so that it would have the documents before

Rutan & Tucker, LLP
attorneys at law

2118/024004-0037
15262020.1 a07/09/20

-1-

EX PARTE APPLICATION FOR AND
ORDER REQUIRING WALMART TO
PRODUCE DOCUMENTS [ETC.]

both. Walmart promised the documents before the deposition, but now just a few business days before the deposition, Walmart has simply said it cannot promise when it will produce the documents, or if it will produce them at all.

Emergency relief is requested and necessary because Walmart promised it would produce the documents sufficiently prior to the deposition and expert reports, but Walmart, just today has again reneged on its promise.

Altair also requests that the Court award Altair $2,500 in attorneys' fees for having to prepare and file this Application. (Oines Dec. ¶ 5)

## NOTICE TO OPPOSING COUNSEL

Walmart is represented by Robert Maldonado (rmaldonado@cooperdunham.com), Laura Alos (lalos@cooperdunham.com), Jonathan Presvelis (JPresvelis@cooperdunham.com) and Tonia Sayour (tsayour@cooperdunham.com) of Cooper & Dunham, 30 Rockefeller Plaza, 20th Floor, New York, NY 10112, Telephone: (212) 278-0509), and Daniel Beshada (dbeshada@gmail.com) and Peter J. Farnese (pjf@bfllplaw.com) of Beshada Farnese LLP, 11601 Wilshire Boulevard, Suite 500, Los Angeles, CA 90025, Telephone: (310) 356-4668 . Altair gave notice of its intent to file this Application at approximately 9:00 a.m. on July 9, 2020, and served this Application on Walmart's counsel. Altair informed Walmart's counsel that its Opposition, if any, to the Application would be due no later than 24 hours from the electronic filing of this Application. Counsel for Walmart did not respond to Altair's notice of this Application and did not state whether it would oppose the Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

In this case, Altair asserts the Telebrands' Dermasuction device infringes several claims of Altair's '739 patent. This patent litigation between Altair and Telebrands has been pending since November 18, 2018 when Telebrands filed a declaratory relief action against Altair in New Jersey.[1] Altair filed its Complaint

---

[1] That case was dismissed and transferred to this District after the Court in New

Rutan & Tucker, LLP
attorneys at law

2118/024004-0037
15262020.1 a07/09/20

-2-

EX PARTE APPLICATION FOR AND ORDER REQUIRING WALMART TO PRODUCE DOCUMENTS [ETC.]

against Telebrands on December 17, 2018 in this Court. (See Dkt #1 in this case.)[2] Although the case was stayed for some time, this litigation has been pending for more than 18 months now.

Walmart actually promised to produce its documents many months ago. The Court may recall that Walmart previously was a defendant in this case, and promised to produce documents responsive to a request for production of documents Altair had served when Walmart was a defendant. However, after Walmart promised to produce the documents, the Court granted Walmart's motion to sever and stay the case as to Walmart. This Court then denied Altair's Motion to compel Walmart to produce the documents it had promised to produce because Walmart was no longer a party at the time of the motion to compel.

Thereafter, on May 15, 2020, Altair served a subpoena for documents on Walmart. (Oines Dec. Ex. 1.) On May 29, 2020, Walmart served its written response to the subpoena. (Oines Dec. Ex. 2.) In the response, Walmart agreed to produce all nonprivileged documents in response to request nos. 1, 2, 3, 10 and 11 in the Subpoena. These include, for example, communications between Walmart and Telebrands regarding the accused device, including the development of and decision to sell the accused device, communications regarding plaintiff, the patent-in-suit or this lawsuit, and documents that relate to the accused device that include the word "microdermabrasion." However, despite the fact that the documents were due to be produced on June 1, 2020, Walmart did not produce any of the documents it said it would produce.

On June 5, 2020, Altair's counsel sent an email to Walmart's counsel asking counsel to confirm whether Walmart produced any documents. (Oines Dec. Ex. 3,

---

Jersey held Altair was not subject to personal jurisdiction in New Jersey. See *Telebrands Corp. v. Altair Instruments, Inc.*, Central District of California Case No. 2:19-cv-09158-AB-JPR (Dkt. # 1, # 72.) The case has since been dismissed, as it is duplicative of Telebrands' defenses in this case. (*Id*. dkt #94.)

[2] Altair's case against Telebrands was transferred to the District of New Jersey, but then transferred back to this District after the District Court in New Jersey held Altair was not subject to personal jurisdiction there. (Dkt. # 77)

Rutan & Tucker, LLP attorneys at law

2118/024004-0037
15262020.1 a07/09/20

-3-

EX PARTE APPLICATION FOR AND ORDER REQUIRING WALMART TO PRODUCE DOCUMENTS [ETC.]

pg. 28.) Counsel responded that "Walmart is in the process of searching for and collecting responsive documents. **Altair can expect to receive Walmart's document production before June 30th.**" (Oines Dec. Ex. 3, pgs. 27-28; emphasis added.)

On June 26, 2020, Altair's counsel sent an email to Walmart's counsel noting that Altair "look[ed] forward to receiving all of Walmart's responsive documents before next Tuesday, June 30, as promised." (Oines Dec. Ex. 3, pg. 27.) On June 29, 2020, Walmart reneged on its promise to produce responsive documents by June 30. Walmart stated "[d]ue to delays, we will not be able to provide all documents by the 30th. **We will have the documents to you by the end of this week [i.e., July 3, 2020]**." (Oines Dec. Ex. 3, pgs. 26-27; emphasis added.)

Having not received the documents – again - on the date promised, on July 6, 2020, Altair's counsel sent another email to Walmart's counsel asking for the documents. (Oines Dec. Ex. 3, pg. 26.) On July 8, 2020, Walmart's counsel said "we are working on getting the production out to you as soon as possible. I will provide an update later today." (Oines Dec. Ex. 3, pg. 26.) On July 9, 2020, Walmart's counsel sent an "update." In this email, Walmart did not even feign an attempt to comply with its obligation – and promises – to produce the documents. Rather, Walmart simply said "the documents may require additional days to process and produce. We will attempt to expedite, but cannot make any promises at this time." (Oines Dec. Ex. 3, pg. 26.)

In light of the foregoing, Altair simply requests an order requiring Walmart to produce the document by noon on July 13, 2020, the day before Telebrands' deposition and a week before opening expert reports are due. It is clear that Walmart will now not commit to producing the documents before the deposition and expert reports, or at all, without a court order.

Altair will be prejudiced if Walmart does not produce the documents before Telebrands' deposition and opening expert reports. As noted above, Walmart's

Rutan & Tucker, LLP
attorneys at law

2118/024004-0037
15262020.1 a07/09/20

-4-

EX PARTE APPLICATION FOR AND
ORDER REQUIRING WALMART TO
PRODUCE DOCUMENTS [ETC.]

documents are relevant to Telebrands' main noninfringement position in this case, i.e., that the device does not perform "microdermabrasion." Additionally, although Telebrands redesigned the infringing device after it received Altair's notice of infringement, both Telebrands and Walmart continued selling the infringing device for months after knowing of the infringement. Altair is entitled to have Walmart's documents relating to the device, including communications with Telebrands, about microdermabrasion, the patent, the infringement, and the decision to keep selling the infringing device before the deposition and expert reports, as required under the discovery rules and as promised.

Walmart's documents are also relevant to Altair's damages, in particular, issues relating to a reasonable royalty. In this case, Altair is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty." 35 U.S.C. § 284. In determining a reasonable royalty, courts typically consider some or all of the 15 *Georgia-Pacific* factors. *Rite-Hite Corporation v. Kelley Company, Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995); *Georgia-Pacific Corporation v. United States Plywood Corporation*, 318 F.Supp. 1116 (S.D.N.Y. 1970). The royalty may be based on "the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite-Hite*, 56 F.3d at 1554. The hypothetical negotiation occurs "at the time the infringement began." *Georgia-Pacific*, 318 F.Supp. at 1120. "The opinion testimony of qualified experts" is explicitly one of the Georgia-Pacific factors considered by the courts. *Id.*

Telebrands' relationship with Walmart (its largest reseller of the infringing device and numerous other "As Seen On TV" products), and communications with Walmart about the development and sale of the infringing device, including the pricing and forecasts relating thereto, are all relevant to the hypothetical negotiation between Altair and Telebrands that (hypothetically) occurred when Telebrands started selling the infringing device, including through Walmart.

Obviously, this Application would not be necessary if Walmart would have

Rutan & Tucker, LLP
attorneys at law

2118/024004-0037
15262020.1 a07/09/20

-5-

EX PARTE APPLICATION FOR AND
ORDER REQUIRING WALMART TO
PRODUCE DOCUMENTS [ETC.]

simply produced its documents as required and promised. Altair should not have to seek a Court order to obtain documents that were due more than a month ago and that Walmart twice promised it would produce before Telebrands' deposition and opening expert reports, only to renege on such promises. Altair requests that the Court also Order Walmart to pay Altair's attorneys' fees in the amount of $2,500. (Oines Dec. ¶ 5.)

Dated: July 9, 2020

RUTAN & TUCKER, LLP
RONALD P. OINES
BENJAMIN C. DEMING
SETH M. JESSEE

By:  */s/ Ronald P. Oines*
       Ronald P. Oines
Attorneys for Plaintiff and Counterdefendant ALTAIR INSTRUMENTS, INC.

Rutan & Tucker, LLP
attorneys at law

2118/024004-0037
15262020.1 a07/09/20

-6-

EX PARTE APPLICATION FOR AND ORDER REQUIRING WALMART TO PRODUCE DOCUMENTS [ETC.]