1  Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
2  Benjamin C. Deming (State Bar No. 233687)
   bdeming@rutan.com
3  Seth M. Jessee (State Bar No. 310983)
   sjessee@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
5  Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
6  Facsimile:  714-546-9035

7  Attorneys for Plaintiff ALTAIR INSTRUMENTS, INC.

8

               UNITED STATES DISTRICT COURT

9

              CENTRAL DISTRICT OF CALIFORNIA

10

11  ALTAIR INSTRUMENTS, INC., a          Case No. 2:19-cv-08967-PSG-JC
    California corporation,
                                         *DISCOVERY MATTER*
12              Plaintiff,
                                         **DECLARATION OF RONALD P.
13         vs.                           OINES IN SUPPORT OF EX PARTE
                                         APPLICATION FOR ORDER
14  TELEBRANDS CORP., etc., et al,       REQUIRING WALMART TO
                                         PRODUCE DOCUMENTS BEFORE
15              Defendants.              DEPOSITION AND EXPERT
                                         REPORT**
16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2118/024004-0037
15262500.1 a07/09/20

DECL OF R. OINES ISO EX PARTE
APPLICATION FOR ORDER REQUIRING
WALMART TO PRODUCE DOCUMENTS

1    I, Ronald P. Oines, declare as follows:

2    1.    I am a partner with the law firm Rutan & Tucker, LLP, counsel of

3    record for plaintiff Altair Instruments, Inc. ("Altair" or "Plaintiff") in this action.  I

4    am a member in good standing of the State Bar of California and am admitted to

5    practice before this Court.  I make this Declaration in support of Plaintiff's Ex Parte

6    Application for an Order requiring Walmart ("Walmart") to produce documents

7    before deposition and expert report (the "Application").  I have personal knowledge

8    of the facts set forth in this Declaration, except as stated on information and belief,

9    and, if called as a witness, could and would testify competently to such facts under

10   oath.

11   2.    A true and correct copy of Altair's Subpoena to Produce Documents,

12   Information, or Objects or to Permit Inspection of Premises in a Civil Action to

13   Walmart, Inc. is attached hereto as **Exhibit 1**.

14   3.    A true and correct copy of Walmart, Inc.'s Objections to Altair

15   Instruments Inc.'s Subpoena to Product Documents, Information, or Objects is

16   attached hereto as **Exhibit 2**.

17   4.    A true and correct copy of email exchanges between Altair's counsel

18   and Telebrands' counsel is attached hereto as **Exhibit 3**.

19   5.    I prepared this Application and the Declaration and proposed order.  It

20   took me approximately five hours to prepare all of the documents.  Altair is being

21   billed $500 per hour for my time preparing this Application.

22   I declare under penalty of perjury under the laws of the United States of

23   America that the foregoing is true and correct.

24   Executed this 9th day of July, 2020, in Costa Mesa, California.

25

26

27   _____
     Ronald P. Oines

28

Rutan & Tucker, LLP
*attorneys at law*

2118/024004-0037
15262500.1 a07/09/20                    -1-

DECL OF R. OINES ISO EX PARTE
APPLICATION FOR ORDER REQUIRING
WALMART TO PRODUCE DOCUMENTS

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| TELEBRANDS CORP., et al. | ) |
| *Defendant* | ) |

Civil Action No. 2:19-cv-08967-PSG-JC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Walmart, Inc.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment "A"

| Place: North Winds Process<br>        c/o Nationwide Legal<br>        119 S. 2nd Street<br>        Rogers, Arkansas 72756 | Date and Time:<br>June 1, 2020<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 12, 2020

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Ronald P. Oines

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
ALTAIR INSTRUMENTS, INC.                                    , who issues or requests this subpoena, are:
Ronald P. Oines (roines@rutan.com), Seth M. Jessee (sjessee@rutan.com)
Rutan & Tucker, LLP, 611 Anton Blvd., Ste. 1400, Costa Mesa, CA  92626; Telephone:  (714) 641-5100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                            *Server's signature*

                                                   _____
                                                            *Printed name and title*

                                                   _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1, Page 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com 

Exhibit 1, Page 4

## ATTACHMENT "A" TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1.     The terms "Walmart," "you" and "your" refer to Walmart, Inc. and its parents, subsidiaries, divisions, and/or affiliated entities, past or present, and each of their respective officers, directors, agents, employees, attorneys or anyone else acting or purporting to act on their behalf.

2.     The term "Telebrands" refers to defendant Telebrands Corp., and its parents, subsidiaries, divisions, and/or affiliated entities, past or present, and each of their respective officers, directors, agents, employees, attorneys or anyone else acting or purporting to act on their behalf.

3.     The terms "Altair" and "Plaintiff" refer to plaintiff Altair Instruments, Inc. and its parents, subsidiaries, divisions, and/or affiliated entities, past or present, and each of their respective officers, directors, agents, employees, attorneys or anyone else acting or purporting to act on their behalf.

4.     The term "'739 Patent" means U.S. Patent No. 6,241,739, entitled "Microdermabrasion Device And Method Of Treating The Skin Surface."

5.     The term "Accused Device" means the device generally known as the "Dermasuction" device that includes the "sonic head" or any other abrasive tip.

6.     The terms "relate to" and "relating to" mean to refer to, mention, embody, illustrate, describe, memorialize, summarize and/or constitute.

7.     The term "document" or "documents" include, without limitation, originals, master and every copy of writings and printed matter of any kind and description, computer generated documents (including but not limited to internet pages and all other files), photographs, graphs, charts and drawings, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by Federal Rule of Evidence 1001, in the possession, custody or control of Plaintiff, or known to it, wherever located.  The term also includes any and all things subject to discovery pursuant to Rule 34(a) of

the Federal Rules of Civil Procedure and includes physical objects and things within the meaning of that Rule, such as research and development samples, prototype devices, production samples and the like.  Any translation of a document as well as any copy of any document which contains any marking not appearing on the original document or which is an alteration of the original in any way or which is discovered at a different location or in the possession or custody of a different person is to be considered a separate document.

8.      The term "communication" means any transmission of information orally, by documents, or by any other medium, including but not limited to any of the following: conversations, discussion, interviews, meetings and conferences, whether in person, by telephone, or by some other medium, letters, memoranda, telegrams, and telexes, mailgrams, e-mail, and transmission of information by computer or word processing system.

9.      In the event you produce original documents for inspection and copying, such production shall be as the documents are kept in the usual course of business.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1**:

All communications between you and any employee of or attorney for Telebrands relating to the Accused Device, including the development of the device and the decision to sell it by Walmart.

**Request No. 2**:

All communications between you and any employee of or attorney for Telebrands relating to this lawsuit, Plaintiff or the '739 patent.

**Request No. 3**:

All documents that relate to the Accused Device and include the word "microdermabrasion."

**Request No. 4**:

Documents sufficient to show how many of the Accused Device you have sold by month in any of your physical stores in the United States.

**Request No. 5**:

Documents sufficient to show the revenue and profit you have derived from the sale of the Accused Device by month in any of your physical stores in the United States.

**Request No. 6**:

Documents sufficient to show how many of the Accused Device you have sold by month through www.walmart.com or any other website.

**Request No. 7**:

Documents sufficient to show the revenue and profit you have derived from the sale of the Accused Device by month through www.walmart.com or any other website.

**Request No. 8**:

Documents sufficient to show the number of replacement parts for the Accused Device you have sold per month.

**Request No. 9**:

Documents sufficient to show your revenues and profits per month from your sale of replacement parts for the Accused Device.

**Request No. 10**:

All communications that relate to the '739 Patent.

**Request No. 11**:

All communications that relate to this lawsuit.

**Request No. 12**:

All documents that refer or relate to Altair or its patents or products.

**Request No. 13**:

A copy of all agreements between Telebrands and you relating to the sale of

1  products at your stores or on your website.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2
3
4
5

Robert T. Maldonado
Laura A. Alos
COOPER AND DUNHAM LLP
30 Rockefeller Plaza, 20th Flr.
New York, NY  10112
Email:  rmaldonado@cooperdunham.com
      lalos@cooperdunham.com

Peter J. Farnese
BESHADA FARNESE LLP
11601 Wilshire Blvd., Ste. 500
LosAngeles, CA  90025
Email:  pjf@bfllplaw.com

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

*(Altair Instruments, Inc. v. Telebrands Corp., et al.*
USDC Case No. 2:19-cv-08967-SJO-JC*)*

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931.  My electronic notification address is csolorzano@rutan.com.

On May 15, 2020, I served on the interested parties in said action the within:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

as stated below:

☐   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown on the attached service list.

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business.  If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   (BY E-MAIL) by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached service list.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May, 15, 2020, at Costa Mesa, California.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Cecilia Solórzano | */s/ Cecilia Solórzano* |
| (Type or print name) | (Signature) |

2118 024004-0037
14385341.1 a05/15/20

1

## SERVICE LIST

2

Robert T. Maldonado
Laura A. Alos
3   COOPER AND DUNHAM LLP
30 Rockefeller Plaza, 20th Flr.
4   New York, NY  10112
Email:  rmaldonado@cooperdunham.com
5            lalos@cooperdunham.com

Peter J. Farnese
BESHADA FARNESE LLP
11601 Wilshire Blvd., Ste. 500
LosAngeles, CA  90025
Email:  pjf@bfllplaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

BESHADA FARNESE LLP
Peter J. Farnese (State Bar No. 251204)
pjf@beshadafarneselaw.com
11601 Wilshire Blvd, Ste 500
Los Angeles, CA 90025
Telephone:      815-935-5322
Facsimile:      310-388-1232

COOPER & DUNHAM LLP
Robert T. Maldonado (admitted *pro hac vice*)
Laura A. Alos (admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
lalos@cooperdunham.com
30 Rockefeller Plaza
New York, NY 10112
Telephone:      212.278.0509
Facsimile:      212.391.0525

*Attorneys for WALMART INC.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> TELEBRANDS CORP., a New Jersey corporation, DOES 1 through 10, <br><br> Defendants. | Case No. 2:19-cv-08967-PSG-JC <br><br> **WALMART INC.'S OBJECTIONS TO ALTAIR INSTRUMENTS INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |

Walmart Inc. ("Walmart"), by and through its undersigned counsel, hereby responds to Altair Instruments Inc.'s ("Altair") Subpoena to Produce Documents, Information, or Objects ("Subpoena"), as follows:

## GENERAL OBJECTIONS

1.      Walmart objects to Altair's Subpoena to the extent it seeks documents which may constitute one or more of the following:

A.      Work product materials of an attorney for Walmart;

B.      Communications between officers, directors, agents, representatives or employees of Walmart and their respective attorneys;

C.      An undue burden, unnecessary expense, harassment, and/or annoyance;

D.      Matters that are privileged pursuant to the Federal Rules of Civil Procedure or Federal Rules of Evidence or at common law;

E.      Documents and/or communications that are irrelevant and/or immaterial;

F.      Any other document or communication protected from discovery by any federal or state statute or common law.

2.      Walmart objects to the Definitions and Instructions to the extent they are unduly broad, unduly burdensome, or require more from Walmart than the duties and obligations contained in the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

3.      Walmart objects to Altair's Subpoena to the extent that it requires documents and/or communications beyond the scope of discovery as defined by Federal Rules of Civil Procedure, and/or seek to impose a duty or obligation on Walmart beyond any duty or obligation contained in the Federal Rules of Civil Procedure.

4.      Walmart objects to Altair's Subpoena to the extent it calls for the violation of a confidentiality obligation owed to a third party.

Exhibit 2, Page 13

5.      Walmart objects to Altair's Subpoena to the extent it seeks documents and/or communications that are not within Walmart's possession, custody or control.  Similarly, Walmart objects to obtaining or providing documents and/or communications that are not available from a reasonable search of Walmart's respective files or a reasonable inquiry of its current employees.

6.      Walmart objects to Altair's Subpoena as unreasonably burdensome to the extent it requests documents and/or communications that can independently be obtained by Altair from other sources, such as documents in the custody and control of Altair or Telebrands, and materials available on the Internet.

7.      Walmart objects to Altair's Subpoena as overbroad and unduly burdensome.  Pursuant to Federal Rule of Civil Procedure 26(b)(2)(iii), in responding to the Subpoena, Walmart will conduct a reasonable investigation under the circumstances.

8.      Walmart objects to Altair's Subpoena to the extent it seeks confidential and/or proprietary business and financial documents.

9.      Walmart's responses to Altair's Subpoena are not intended to waive, and do not constitute waiver of, any and all objections which Walmart may have to the admissibility, authenticity, competency, materiality, privilege or relevance of the documents and/or communications provided, or objections that Telebrands may raise in a motion *in limine* or otherwise.  Walmart expressly reserves all such objections.

10.     Walmart objects to the definitions of "Telebrands" and "Altair" as overbroad, indefinite, and vague insomuch as the definitions refer to "past" "parents, subsidiaries, divisions, and/or affiliated entities" and includes persons and entities unknown to Walmart. The party definitions are also objectionable on the grounds that they request information from protected and irrelevant individuals, such as attorneys.

-2-

Exhibit 2, Page 14

11.     Walmart objects to the Subpoena as being overbroad to the extent that it fails to specify a relevant time period for which documents and/or communications are requested.

12.     Neither the General Objections, nor the Specific Responses set forth below, are an admission relative to the existence of any documents or things sought, to the materiality, relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request.

## RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Subject to, and without waiving the above General Objections, and incorporating each of the above General Objections by reference into each response below, Walmart hereby responds more specifically to Altair's individual requests as follows:

**REQUEST NO. 1:**

All communications between you and any employee of or attorney for Telebrands relating to the Accused Device, including the development of the device and the decision to sell it by Walmart.

RESPONSE TO REQUEST NO. 1:

Walmart objects to this request on the grounds that the phrase "All communications" is overbroad, unduly burdensome, and not limited to any custodian or period of time. Walmart further objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product and the common interest doctrines. Walmart further objects to this request on the ground that it seeks communications that are immaterial and irrelevant to the prosecution of Altair's action against Telebrands. Walmart also objects to this

1    request on the grounds that it seeks third-party discovery of communications in

2    Altair's and/or Telebrands' possession.

3          Without waiving the foregoing specific and General Objections, Walmart

4    will produce non-privileged responsive communications, to the extent any exist.

5    **REQUEST NO. 2:**

6          All communications between you and any employee of or attorney for

7    Telebrands Corp. relating to this lawsuit, Plaintiff or the '739 patent.

8    RESPONSE TO REQUEST NO. 2:

9          Walmart objects to this request on the grounds that the phrase "All

10   communications" is overbroad, unduly burdensome, and not limited to any

11   custodian or period of time. Walmart further objects to this request on the ground

12   that it seeks documents protected by the attorney-client privilege, the work product

13   and the common interest doctrines. Walmart further objects to this request on the

14   ground that it seeks documents that are immaterial and irrelevant to the prosecution

15   of Altair's action against Telebrands. Walmart also objects to this request on the

16   grounds that it seeks third-party discovery of communications in Altair's and/or

17   Telebrands' possession.

18         Without waiving the foregoing specific and General Objections, Walmart

19   will produce non-privileged responsive communications, to the extent any exist.

20

21   **REQUEST NO. 3:**

22         All documents that relate to the Accused Device and include the word

23   "microdermabrasion."

24   RESPONSE TO REQUEST NO. 3:

25         Walmart objects to this request on the grounds that the phrase "All

26   documents that relate to" is overbroad, unduly burdensome, and not limited to any

27   period of time. Walmart further objects to the request to the extent it seeks publicly

28   available documents or documents already in Altair's possession. Walmart objects

Exhibit 2, Page 16

to this request on the grounds that it seeks documents that are immaterial and irrelevant to the prosecution of Altair's action against Telebrands. Walmart further objects to this request on the grounds that it seeks documents that constitute proprietary or confidential and competitively sensitive business information. Walmart further objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product and the common interest doctrines.

Without waiving the foregoing specific and General Objections, Walmart will produce non-privileged responsive communications, to the extent any exist.

**REQUEST NO. 4:**

Documents sufficient to show how many of the Accused Device you have sold by month in any of your physical stores in the United States.

RESPONSE TO REQUEST NO. 4:

Walmart objects to this request on the grounds that the number of Accused Devices sold by Walmart is irrelevant to Altair's claim of patent infringement against *Telebrands*. Financial information (including, but not limited to, revenues, units sold, profits) relating to sales of the Accused Device by Walmart is not relevant to any issue in the case against Telebrands. If Altair were to prevail at trial, its damages claim would be based on sales by *Telebrands*, the Defendant, not sales by Walmart, a third party. Walmart objects to this request on the grounds that it is unduly burdensome and vague in that it seeks sales information "by month" "in any" of Walmart's physical stores. Walmart further objects to this request on the grounds that it seeks documents that constitute proprietary or confidential and competitively sensitive business information. Walmart also objects to this request

on the grounds that Altair is already in possession of the information sought in the request.

Subject to and without waiving any of the foregoing specific objections or General Objections, Walmart states that it has already produced sales documents pertaining to its sale of the Accused Device, before the claims against Walmart were severed and stayed. Walmart does not intend to produce any additional documents relating to sales of the Accused Product.

**REQUEST NO. 5:**

Documents sufficient to show the revenue and profit you have derived from the sale of the Accused Device by month in any of your physical stores in the United States.

RESPONSE TO REQUEST NO. 5:

Walmart objects to this request on the grounds that the revenue and profit relating to sales of Accused Devices sold by Walmart is irrelevant to Altair's claim of patent infringement against *Telebrands*. Financial information (including, but not limited to, revenues, units sold, profits) relating to sales of the Accused Device by Walmart is not relevant to any issue in the case against Telebrands. If Altair were to prevail at trial, its damages claim would be based on sales by *Telebrands*, the Defendant, not sales by Walmart, a third party. Walmart objects to this request on the grounds that it is unduly burdensome and vague in that it seeks revenue and profit information by month "in any" of Walmart's physical stores. Walmart further objects to this request on the grounds that Walmart does not track profit on a product by product basis. Walmart further objects to this request on the grounds that it seeks documents that constitute proprietary or confidential and competitively sensitive business information. Walmart also objects to this request on the grounds that Altair is already in possession of the information sought in the request.

Subject to and without waiving any of the foregoing specific objections or General Objections, Walmart states that it has already produced sales documents

Exhibit 2, Page 18

pertaining to its sale of the Accused Product, before the claims against Walmart were severed and stayed. Walmart does not intend to produce any additional documents relating to sales of the Accused Product.

**REQUEST NO. 6:**

Documents sufficient to show how many of the Accused Device you have sold by month through www.walmart.com or any other website.

RESPONSE TO REQUEST NO. 6:

Walmart objects to this request on the grounds that the number of Accused Devices sold by Walmart is irrelevant to Altair's claim of patent infringement against *Telebrands*. Financial information (including, but not limited to, revenues, units sold, profits) relating to sales of the Accused Device by Walmart is not relevant to any issue in the case against Telebrands. If Altair were to prevail at trial, its damages claim would be based on sales by *Telebrands*, the Defendant, not sales by Walmart, a third party. Walmart objects to this request on the grounds that it is unduly burdensome and vague in that it seeks sales information by month through "any other website." Walmart further objects to this request on the grounds that it seeks documents that constitute proprietary or confidential and competitively sensitive business information. Walmart also objects to this request on the grounds that Altair is already in possession of the information sought in the request as it pertains to www.walmart.com.

Subject to and without waiving any of the foregoing specific objections or General Objections, Walmart states that it has already produced sales documents pertaining to its sale of the Accused Product, before the claims against Walmart were severed and stayed. Walmart does not intend to produce any additional documents relating to sales of the Accused Product.

Exhibit 2, Page 19

**REQUEST NO. 7:**

Documents sufficient to show the revenue and profit you have derived from the sale of the Accused Device by month through www.walmart.com or any other website.

RESPONSE TO REQUEST NO. 7:

Walmart objects to this request on the grounds that the revenue and profit relating to sales of Accused Devices sold by Walmart is irrelevant to Altair's claim of patent infringement against *Telebrands*. Financial information (including, but not limited to, revenues, units sold, profits) relating to sales of the Accused Device by Walmart is not relevant to any issue in the case against Telebrands. If Altair were to prevail at trial, its damages claim would be based on sales by *Telebrands*, the Defendant, not sales by Walmart, a third party. Walmart objects to this request on the grounds that it is unduly burdensome and vague in that it seeks revenue and profit information by month through "any other website." Walmart further objects to this request on the grounds that Walmart does not track profit on a product by product basis. Walmart further objects to this request on the grounds that it seeks documents that constitute proprietary or confidential and competitively sensitive business information. Walmart also objects to this request on the grounds that Altair is already in possession of the information sought in the request as it pertains to www.walmart.com.

Subject to and without waiving any of the foregoing specific objections or General Objections, Walmart states that it has already produced sales documents pertaining to its sale of the Accused Product, before the claims against Walmart

Exhibit 2, Page 20

were severed and stayed. Walmart does not intend to produce any additional

documents relating to sales of the Accused Product.

**REQUEST NO. 8:**

Documents sufficient to show the number of replacement parts for the

Accused Device you have sold per month.

RESPONSE TO REQUEST NO. 8:

Walmart objects to this request on the grounds that it is vague, as

"replacement parts" is not defined, as well as unduly burdensome and overbroad

because it is not limited to any period of time or sales outlet. Subject to and without

waiving any of the foregoing specific objections or General Objections, Walmart

states that is not in possession of documents responsive this request.

**REQUEST NO. 9:**

Documents sufficient to show your revenues and profits per month from your

sale of replacement parts for the Accused Device.

RESPONSE TO REQUEST NO. 9:

Walmart objects to this request on the grounds that it is vague, as

"replacement parts" is not defined, as well as unduly burdensome and overbroad

because it is not limited to any period of time or sales outlet. Subject to and without

waiving any of the foregoing specific objections or General Objections, Walmart

states that is not in possession of documents responsive this request.

**REQUEST NO. 10:**

All communications that relate to the '739 Patent.

RESPONSE TO REQUEST NO. 10:

Walmart objects to this request on the grounds that the phrase "All

communications" is overbroad, unduly burdensome, and not limited to any

Exhibit 2, Page 21

custodian or period of time. Walmart further objects to this request on the grounds
that it seeks documents that constitute proprietary or confidential and competitively
sensitive business information. Walmart further objects to this request to the extent
that it seeks documents protected by the attorney-client privilege, the work product
and the common interest doctrines.

Without waiving the foregoing specific and General Objections, Walmart
will produce non-privileged responsive communications, to the extent any exist.

**REQUEST NO. 11:**

All communications that relate to this lawsuit.

RESPONSE TO REQUEST NO. 11:

Walmart objects to this request on the grounds that the phrase "All
communications" is overbroad, unduly burdensome, and not limited to any
custodian or period of time. Walmart further objects to this request on the grounds
that it seeks documents that constitute proprietary or confidential and competitively
sensitive business information. Walmart further objects to this request to the extent
that it seeks documents protected by the attorney-client privilege, the work product
and the common interest doctrines.

Without waiving the foregoing specific and General Objections, Walmart
will produce non-privileged responsive communications, to the extent any exist.

**REQUEST NO. 12:**

All documents that refer or relate to Altair or its patents or products.

RESPONSE TO REQUEST NO. 12:

Walmart objects to this request on the grounds that the phrase "All
documents" is overbroad, unduly burdensome, not limited to any custodian or
period of time, and beyond the scope of permissible discovery. Walmart further
objects to this request on the grounds that it seeks documents that constitute

proprietary or confidential and competitively sensitive business information.
Walmart further objects to this request to the extent that it seeks documents
protected by the attorney-client privilege, the work product and the common
interest doctrines. Walmart further objects to this request on the grounds that it
seeks documents already in the possession, custody or control of Altair, as Altair
was involved in litigation with Walmart over the '739 patent.

Without waiving the foregoing specific and General Objections, Walmart
may be willing to produce non-privileged responsive documents, to the extent that
they exist, if Altair and Walmart can agree on a narrowing of this request.

**REQUEST NO. 13:**

A copy of all agreements between Telebrands Corp. and you relating to the
sale of products at your stores or on your website.

RESPONSE TO REQUEST NO. 13:

Walmart objects to this request on the grounds that it is overbroad, outside
the scope of permissible discovery, unduly burdensome, and vague in that it seeks
"all agreements" between Walmart and Telebrands Corp. for any products offered
for sale by Walmart. Walmart's sales of other Telebrands products (other than
DERMASUCTION) have no relevance to any issue in Altair's case against
Telebrands. Walmart further objects to this request on the grounds that it seeks
documents that constitute proprietary or confidential and competitively sensitive
business information. Walmart also objects to this request on the grounds that it
seeks third-party discovery of documents in Altair's and/or Telebrands' possession.
Walmart additionally objects to this request on the grounds that Altair is already in
possession of the documents sought in the request which pertain to Walmart's sales
of the DERMASUCTION product.

Subject to and without waiving any of the foregoing specific objections or
General Objections, Walmart states that it has already produced non-privileged

Exhibit 2, Page 23

1    documents in response to this request, before the claims against Walmart were

2    severed and stayed. Walmart is not aware of any additional, non-privileged

3    documents relating to the Accused Product which respond to this request.

4

5

6    Dated: May 29, 2020                     COOPER & DUNHAM LLP

7                                            By:    */s/ Robert T. Maldonado*

8                                            Robert T. Maldonado (admitted pro hac vice)
                                             Laura A. Alos (admitted pro hac vice)
9                                            Rmaldonado@cooperdunham.com
                                             lalos@cooperdunham.com
10                                           30 Rockefeller Plaza
                                             New York, NY 10112
11                                           Telephone:      212.278.0509
                                             Facsimile:      212.391.0525
12
                                             BESHADA FARNESE LLP
13                                           Peter J. Farnese (State Bar No. 251204)
                                             pjf@beshadafarneselaw.com
14                                           11601 Wilshire Blvd, Ste 500
                                             Los Angeles, CA 90025
15                                           Telephone:      815-935-5322
                                             Facsimile:      310-388-1232
16
                                             *Attorneys for Walmart Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I certify that on May 29, 2020, a true and correct copy of the foregoing was served upon all counsel of record who are deemed to have consented to electronic service via email.

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on May 29, 2020 at New York, New York.


*/s/ Laura A. Alos*

Laura A. Alos

Exhibit 2, Page 25

# EXHIBIT 3

**Solórzano, Cecilia**

| | |
|---|---|
| **From:** | Laura A. Alos <lalos@cooperdunham.com> |
| **Sent:** | Thursday, July 9, 2020 7:26 AM |
| **To:** | Oines, Ronald |
| **Cc:** | Solórzano, Cecilia; Robert Maldonado; Jonathan P. Presvelis; Tonia Sayour |
| **Subject:** | RE: Altair v. Telebrands |

Ron, the documents may require additional days to process and produce. We will attempt to expediate, but cannot make any promises at this time.

---

**From:** Laura A. Alos
**Sent:** Wednesday, July 8, 2020 8:56 AM
**To:** Oines, Ronald <roines@rutan.com>
**Cc:** Solórzano, Cecilia <CSolorzano@rutan.com>; Robert Maldonado <rmaldonado@cooperdunham.com>; Jonathan P. Presvelis <JPresvelis@cooperdunham.com>; Tonia Sayour <tsayour@cooperdunham.com>
**Subject:** RE: Altair v. Telebrands

Ron, we are working on getting the production out to you as soon as possible. I will provide an update later today. Thank you.

---

**From:** Oines, Ronald <roines@rutan.com>
**Sent:** Monday, July 6, 2020 11:27 AM
**To:** Laura A. Alos <lalos@cooperdunham.com>
**Cc:** Solórzano, Cecilia <CSolorzano@rutan.com>; Robert Maldonado <RMALDONADO@COOPERDUNHAM.COM>; Jonathan P. Presvelis <JPresvelis@COOPERDUNHAM.COM>; Tonia Sayour <TSayour@COOPERDUNHAM.COM>
**Subject:** RE: Altair v. Telebrands

Laura, I don't believe we received Walmart's responsive documents by the end of last week, as promised.  What is the status?

**Ronald P. Oines**
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4680 (direct)
roines@rutan.com
www.rutan.com

**RUTAN**

_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Laura A. Alos [mailto:lalos@cooperdunham.com]
**Sent:** Monday, June 29, 2020 3:04 PM
**To:** Oines, Ronald <roines@rutan.com>
**Cc:** Solórzano, Cecilia <CSolorzano@rutan.com>; Robert Maldonado <RMALDONADO@COOPERDUNHAM.COM>; Jonathan P. Presvelis <JPresvelis@COOPERDUNHAM.COM>; Tonia Sayour <TSayour@COOPERDUNHAM.COM>
**Subject:** RE: Altair v. Telebrands

Ron,

1

Due to delays, we will not be able to provide all documents by the 30th. We will have the documents to you by the end of this week.

Best,

Best,

Laura A. Alos
Associate
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel. (212) 278-0526
Fax (212) 391-0525
E-mail: lalos@cooperdunham.com

_____

This message is intended solely for the use of the addressee and may contain confidential and/or attorney-client privileged information. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify us immediately. Thank you.

**From:** Oines, Ronald <roines@rutan.com>
**Sent:** Friday, June 26, 2020 4:33 PM
**To:** Laura A. Alos <lalos@cooperdunham.com>; Solórzano, Cecilia <CSolorzano@rutan.com>
**Cc:** Robert Maldonado <RMALDONADO@COOPERDUNHAM.COM>; Jonathan P. Presvelis <JPresvelis@COOPERDUNHAM.COM>; Tonia Sayour <TSayour@COOPERDUNHAM.COM>; Peter Farnese <pjf@bfllplaw.com>
**Subject:** RE: Altair v. Telebrands

Laura, we look forward to receiving all of Walmart's responsive documents before next Tuesday, June 30, as promised.
Ron

**Ronald P. Oines**

Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4680 (direct)
roines@rutan.com
www.rutan.com

# RUTAN

_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Laura A. Alos [mailto:lalos@cooperdunham.com]
**Sent:** Monday, June 8, 2020 9:13 AM
**To:** Oines, Ronald <roines@rutan.com>; Solórzano, Cecilia <CSolorzano@rutan.com>
**Cc:** Robert Maldonado <RMALDONADO@COOPERDUNHAM.COM>; Jonathan P. Presvelis <JPresvelis@COOPERDUNHAM.COM>; Tonia Sayour <TSayour@COOPERDUNHAM.COM>; Peter Farnese

Exhibit 3, Page 27

<pjf@bfllplaw.com>
**Subject:** RE: Altair v. Telebrands

Ron,

Walmart is in the process of searching for and collecting responsive documents. Altair can expect to receive Walmart's document production before June 30th.

Best,

Laura

---

**From:** Oines, Ronald <roines@rutan.com>
**Sent:** Friday, June 5, 2020 5:55 PM
**To:** Laura A. Alos <lalos@cooperdunham.com>
**Cc:** Solórzano, Cecilia <CSolorzano@rutan.com>
**Subject:** Altair v. Telebrands

Did Walmart produce its documents in response to the Subpoena?

**Ronald P. Oines**

Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4680 (direct)
roines@rutan.com
www.rutan.com
**RUTAN**

_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

Exhibit 3, Page 28