BESHADA FARNESE LLP
Peter J. Farnese (State Bar No. 251204)
pjf@beshadafarneselaw.com
11601 Wilshire Blvd, Ste 500
Los Angeles, CA 90025
Telephone:	855-935-5322
Facsimile:	310-388-1232

COOPER & DUNHAM LLP
Robert T. Maldonado (admitted *pro hac vice*)
Laura A. Alos (admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
lalos@cooperdunham.com
30 Rockefeller Plaza
New York, NY 10112
Telephone:	212.278.0509
Facsimile:	212.391.0525

*Attorneys for Defendant Telebrands Corp.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TELEBRANDS CORP., a New Jersey corporation, and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 2: 19-cv-08967-PSG-JC<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT TELEBRANDS CORP.'S OPPOSITION TO PLAINTIFF ALTAIR INSTRUMENTS, INC.'S EX PARTE MOTION TO COMPEL DOCUMENTS FROM WALMART INC.** |

Defendant Telebrands Corp. ("Telebrands") submits the following Opposition to Plaintiff Altair Instruments, Inc.'s ("Altair") *Ex Parte* Application for an Order requiring Walmart Inc. ("Walmart") to produce documents no later than noon on July 13, 2020.

## I. **INTRODUCTION**

With the filing of the underlying motion, Altair continues its habit of misusing the *ex parte* application procedure for routine discovery matters and, again, needlessly burdens this Court with motion practice. Altair's claims against Walmart were severed and stayed in March 2020. Nonetheless, Altair has been in possession of the majority of documents it now seeks to compel from Walmart, namely, sales documents for the DERMASUCTION product. In addition, contrary to Altair's statements in support of its *ex parte* application, counsel repeatedly advised Altair that Walmart will be producing additional non-privileged documents responsive to Altair's third-party subpoena. Indeed, as Altair filed their *ex parte* motion Walmart was in the process of finalizing the production of non-privileged documents responsive to Altair's third-party subpoena. As such, an *ex parte* application is an inappropriate vehicle to compel the production of documents that are forthcoming. Not only does Altair fail to demonstrate good cause for *ex parte* relief, it additionally fails to prove that it would be irreparably harmed if the Court denied its application. Accordingly, Altair's motion should be denied.

## II. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On March 31, 2020, Altair's claims against Walmart were severed and stayed pursuant to the customer-suit exception. (Dkt. No. 138.) Altair's claims against Walmart were assigned a new civil action number April 20, 2020. (Dkt. No. 146.)

Altair moved to compel Walmart's compliance with discovery requests notwithstanding the fact that Walmart was no longer a party to this action. (Dkt. No. 144.) On May 12, 2020, the Court denied Altair's motion as to Walmart (Dkt. No 155).

Subsequently, on May 15, 2020, Altair served Walmart with a third-party subpoena, which Walmart responded to on May 29, 2020. (Dkt. No. 169-1, pp. 15 – 32.)

With respect to Altair's subpoena requests 4 (Documents sufficient to show how many of the Accused Device you have sold by month in any of your physical stores in the United States), 5 (Documents sufficient to show the revenue and profit you have derived from the sale of the Accused Device by month in any of your physical stores in the United States), 6 (Documents sufficient to show how many of the Accused Device you have sold by month through www.walmart.com or any other website); and 7 (Documents sufficient to show the revenue and profit you have derived from the sale of the Accused Device by month through www.walmart.com or any other website), Walmart responded as follows:

> Subject to and without waiving any of the foregoing specific objections or General Objections, **Walmart states that it has already produced sales documents pertaining to its sale of the Accused Product**, before the claims against Walmart were severed and stayed. **Walmart does not intend to produce any additional documents relating to sales of the Accused Product**. (Dkt. No. 169-1, pp. 20 – 23) (emphasis added).

Altair's *ex parte* application does not dispute that it is already in possession of documents responsive to requests 4 – 7.

On June 15, Altair filed a Motion For Summary Judgment Of Infringement which included a declaration in support from Altair's expert, Wendy E. Roberts, M.D., F.A.A.D. (Dkt. Nos. 161 – 161-7.)

On June 8th, counsel advised that "Walmart is in the process of searching for and collecting responsive documents. Altair can expect to receive Walmart's document production before June 30th. (Alos Dec., Ex. A.) On June 28th, July 8th, and July 9th, counsel continued to apprise Altair's counsel of the status of Walmart's production, but never refused to produce the documents. (*Id*.) Walmart was finalizing its production when Altair filed the underlying application. As such, there is no emergency to warrant *ex parte* relief.

## III. <u>LEGAL STANDARD</u>

*Ex parte* applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989). Filing an *ex parte* application "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *Intermagnetics*, 101 B.R. at 193).

To obtain *ex parte* relief, the moving party must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the moving party "is without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); see L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an *ex parte* basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."). Notably absent from Altair's application is any law justifying its use of an *ex parte* application to compel the production of documents that Walmart is not refusing to produce or Altair's entitlement to attorney's fees.

## IV.  <u>ARGUMENT</u>

**A.  Altair's *Ex Parte* Motion To Compel Should Be Denied Because Altair Has Not Satisfied The Standards For *Ex Parte* Relief**

*Ex Parte* relief may only be granted where the movant establishes that (1) the movant will suffer irreparable prejudice absent the requested relief, and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As demonstrated below, Altair has not

satisfied either prong of the two-part test set forth in *Mission Power*. Altair additionally fails to justify that its *ex parte* motion is warranted for this routine discovery matter.

### 1. Altair Will Not Be Irreparably Prejudiced If The Court Does Not Compel The Production Of Walmart's Documents By July 13th.

Altair's application seeks the production of "communications between Walmart and Telebrands regarding the accused device, including the development of and decision to sell the accused device, communications regarding plaintiff, the patent-in-suit or this lawsuit, and documents that relate to the accused device that include the word 'microdermabrasion,'" and "communications with Walmart about the development and sale of the infringing device" on the grounds that these communications are relevant to Telebrands' non-infringement defense and Altair's damages analysis. (Dkt. No. 169, pp. 4 – 6.) Altair contends that emergency relief is justified because Altair wishes to have these documents prior to Telebrands' deposition and before initial expert reports are due. (Dkt. No. 169, p. 3.)

Should such communications exist, Walmart will be producing them today.

In addition, Altair does not dispute that it is already in possession of documents regarding Walmart's sales of Telebrands' DERMASUCTION product. As such, Altair's application fails to demonstrate why an *ex parte* application is warranted to compel the production of documents that are either already in Altair's possession or forthcoming.

Altair also fails to demonstrate how Altair will suffer irreparable prejudice absent the requested relief. Altair's application does not explain why Walmart's communications with Telebrands are required or necessary for Altair's expert reports. Indeed, it would be impermissible for Altair to elicit such testimony from Telebrands. *See 3M Co. v. Kanbar,* 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (seeking legal conclusions should not form the basis for 30(b)(6) deposition topics); *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-cv-1431, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) (the mandate of Rule 701 is clear. …Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could

not make if perceiving the same acts or events."); *McCormick–Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 288 (N.D.Cal.1991) (issuing protective order prohibiting either party from "pursu[ing] the bases for the other's contentions through 30(b)(6) depositions…").

Altair's argument is further undermined by the fact that Altair's filed a motion for summary judgment regarding Telebrands' alleged infringement on June 16, 2020. (Dkt. No. 161.) Submitted in support of Altair's motion was a declaration from Altair's expert, Wendy E. Roberts, M.D., F.A.A.D. (Dkt. No. 161-5.) Altair's prior submission of an expert report, in conjunction with Altair's failure to elaborate why Walmart's communications with Telebrands are required before initial expert reports, demonstrates that Altair's *ex parte* motion is nothing more than a feigned emergency filing. Altair additional fails to demonstrate why it should be entitled to attorney's fees when (i) it is already in possession of most of the documents it now seeks and (ii) Walmart will be producing additional documents.

### a. The Case Schedule Is Irrelevant To The Determination Of Altair's *Ex Parte* Motion To Compel

Altair states that it requires Walmart's document prior to Telebrands' deposition and before initial expert reports are due. (Dkt. No. 169, p. 2.) Case deadlines, however, do not create an emergency situation such that an *ex parte* application is appropriate to obtain the relief sought. *See White v. Baca*, No. 13-cv-340, 2014 WL 12696910, at *1 (C.D. Cal. Jan. 30, 2014) (denying *ex parte* application and noting that "the party seeking *ex parte* relief has an obligation to explain the necessity for bypassing regular motion procedures" and that "[m]erely showing that deadlines are fast approaching is not enough."); *H.B. v. City of Torrance*, No. 17-cv-02373, 2018 WL 6131155, at *2 (C.D. Cal. July 11, 2018) (denying ex parte application to compel defendant to produce witness for deposition because this is not a "true emergenc[y]" since "the Court may extend the relevant deadlines to permit appropriate discovery."). As such, the deadline for opening expert reports is irrelevant to the determination of Altair's application for relief.

## V. CONCLUSION

For the foregoing reasons, Telebrands respectfully requests the Court deny Altair's *ex parte* motion to compel Walmart's production of documents prior to July 13, 2020, deny Altair's request for attorney's fees and costs, and for other such relief the Court deems necessary and proper.

DATED: July 10, 2020

Respectfully submitted,

COOPER & DUNHAM LLP

By: */s/ Laura A. Alos*
Laura A. Alos
(admitted pro hac vice)
lalos@cooperdunham.com

*Attorneys for Defendant Telebrands Corp.*

**CERTIFICATE OF SERVICE**

I certify that on July 10, 2020, a true and correct copy of the foregoing was filed with the Court and served electronically. The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on July 10, 2020 at New York, New York.

/s/ Laura A. Alos
Laura A. Alos